# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OSCAR DILLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-3119 JCH |
| ) | |
| MICHAEL REILLY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.[1] Because plaintiff's complaint is handwritten and somewhat difficult to discern, the Court will require plaintiff to amend his complaint on a court-provided form.

Plaintiff, an inmate at Randolph County Jail in Chester, Illinois, filed a handwritten complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), in the United States District Court for the Southern District of Illinois on November 18, 2019. Because plaintiff asserts claims against three federal agents and the United States Attorney who were allegedly involved in his arrest and prosecution in this District, *see United States v. Velazquez, et al.,* Case No. 4:15CR404 HEA (E.D. Mo. 2015), the District Court for the Southern District of Illinois transferred the matter to this Court on November 19, 2019.

In his complaint, plaintiff appears to assert that United States Attorney and DEA Officer James Gaddy conspired to present false information to the grand jury and hide evidence in plaintiff's criminal proceedings. Plaintiff also appears to allege that defendants presented perjured testimony in his criminal action. However, in support of his *Bivens* claims, plaintiff

---
[1] On December 17, 2019, plaintiff paid the $400 filing fee.

relies on a motion to dismiss the indictment filed by his attorneys in his criminal case rather than outline the facts in his own complaint.

To the extent plaintiff can be understood to attempt to initiate a civil action for injunction, he is advised that an injunction is a remedy, not an independent cause of action. *See Henke v. Arco Midcon, L.L.C.,* 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) (internal citations omitted). To the extent he is seeking to stop the criminal action against him, his claims may well be barred by the Supreme Court case of *Wallace v. Kato,* 549 v. 384 (2007).[2] In such case, plaintiff's action would be stayed pending the outcome of his criminal action.

Because plaintiff is proceeding pro se, he will be given the opportunity to submit a complaint. He may seek injunctive relief as part of a prayer for relief in a claim asserted therein. Plaintiff must submit the complaint on a court-provided form, and the complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a <u>short and plain</u> statement of the <u>facts</u> supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include

---

[2] In *Wallace*, the United States Supreme Court held that the statute of limitations upon a 42 U.S.C. § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. The Court also instructed that where, as here, a plaintiff files a false arrest claim before he has been convicted it is within the power of the District Court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. Otherwise, the court and the parties are left to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict . . . - all this at a time when it can hardly be known what evidence the prosecution has in its possession.

claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the <u>facts</u> specific to that particular defendant and the right(s) that defendant violated. <u>Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s)</u>. Plaintiff's failure to make specific and actionable factual allegations against any defendant will result in that defendant's dismissal from this case.

Last, the Court will deny plaintiff's request for counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. As such, his motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #8] is **DENIED** at this time.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 6th day of February, 2020

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE