# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR DILLON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3119 JCH |
| | ) | |
| MICHAEL A. REILLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the amended complaint of plaintiff, Oscar Dillon, III, an inmate at Randolph County Jail in Chester, Illinois. ECF No. 10. Plaintiff paid the required civil filing fee on December 17, 2019. The Court has reviewed the complaint, and for the reasons stated below, will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

### Background

Plaintiff is a pretrial detainee at Randolph County Jail. He brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights for unlawful arrest and "flagrant misconduct" against Michael A. Reilly (Assistant United States Attorney), James Williams (Telecommunications Specialist at the St. Louis Metropolitan Police Department), Tom Llewellyn (Detective at the St. Louis Metropolitan Police Department), and James Gaddy (Task Force Officer of the Drug Enforcement Administration). Plaintiff sues all defendants in their individual and official capacities.

Plaintiff originally filed this case in the District Court for the Southern District of Illinois, and it was subsequently transferred to this Court on November 19, 2019.   ECF No. 3.   Prior to plaintiff's filing of the instant action, an underlying criminal case was filed against plaintiff in this Court.   *See United States v. Velazquez, et al.*, Case No. 4:15CR404-HEA (E.D. Mo. 2015).   The underlying criminal action began on August 26, 2015, with the indictment of a single defendant Anthony Jordan.   A second superseding indictment was returned on January 7, 2016, involving a total of eighteen defendants.   A third superseding indictment with twenty-seven defendants was returned on April 14, 2016.   Plaintiff was originally charged in the fourth superseding indictment issued on December 1, 2016, which included 34 defendants. The fourth superseding indictment charged plaintiff with conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine, conspiracy to distribute and possess with the intent to distribute 100 grams or more of cocaine, obstruction of justice, conspiracy to cause another to avoid prosecution, and conspiracy to conduct financial transactions that involved the proceeds of the unlawful distribution of cocaine.

The grand jury returned a fifth superseding indictment with nine defendants on December 20, 2018.   In the fifth superseding indictment, plaintiff was charged with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, obstruction of justice, unlawful flight to avoid prosecution, money laundering, and witness tampering.   The underlying case is still pending, and plaintiff's trial is scheduled for January 11, 2021.

**The Amended Complaint**

Plaintiff states he was unlawfully arrested on December 2, 2016. All four defendants were allegedly involved in his arrest and prosecution.

-2-

Plaintiff alleges that defendant Reilly violated his constitutional rights by misrepresenting a request to obtain plaintiff's "historical cell site information;" advising defendant Williams to revise a sworn affidavit; and seeking warrants despite admitting that plaintiff did not "have anything to do with the drug activity."   Plaintiff alleges that defendant Williams submitted an affidavit in contradiction of his testimony from an evidentiary proceeding.   Plaintiff alleges that defendant Llewellyn "act[ed] outside the judicial process" by receiving e-mails about the case instead of being "briefed in person" and testified falsely to the grand jury.   The amended complaint is not clear as to the specific allegations that plaintiff intends to bring against James Gaddy as he only states that Gaddy received an e-mail on August 31, 2017 of "historical material." Plaintiff generally alleges that all defendants engaged in a "felonious venture that they can fairly be said to either have created he crime or to have coerced the [plaintiff's] participation in it."

Plaintiff seeks "injunctive relief of release from incarceration and monetary damages in the amount of forty million dollars for actual damages occurring from expenses owed to family from borrowed help and damages from pain and suffering."

## Discussion

To the extent plaintiff can be understood to attempt to initiate a civil action for injunction, he is advised that an injunction is a remedy, not an independent cause of action.  *See Henke v. Arco Midcon*, L.L.C., 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) (internal citations omitted). To the extent he is seeking to stop the criminal action against him on the basis of an unlawful arrest, his claims are barred by the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment,

-3-

where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff asserts a claim for unlawful arrest and imprisonment. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*,

-4-

46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *United States v. Velazquez, et al.*, Case No. 4:15CR404-HEA (E.D. Mo. 2015), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *United States v. Velazquez, et al.*, Case No. 4:15CR404-HEA (E.D. Mo. 2015), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to reconsider appointment of counsel [ECF No. #18] is **DENIED** at this time.

Dated this 15th day of June, 2020.

      /s/ Jean C. Hamilton
      JEAN C. HAMITON
      UNITED STATES DISTRICT JUDGE